```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ALBERT P. CASS, III, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action No. 15-6476 (JBS-JS) |
| CHIEF SCOTT THOMSON, | **OPINION** |
| Defendant. | |

APPEARANCES:

Albert P. Cass, III, Plaintiff Pro Se
4300596
Camden County Correctional Facility
330 Federal Street
Camden, New Jersey 08101

**SIMANDLE, Chief Judge:**

I.  INTRODUCTION

    Before the Court is Plaintiff Albert P. Cass, III's ("Plaintiff"), submission of a civil rights complaint pursuant to 42 U.S.C. § 1983. (Docket Entry 1). By Order dated September 21, 2015, this Court granted Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and ordered the Clerk to file the complaint. (Docket Entry 2).

    At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it

seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint will be dismissed for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.   BACKGROUND**

Plaintiff brings this civil rights action against Scott Thomson, the Chief of the Camden County Police Department ("CCPD"). (Docket Entry 1). The following factual allegations are taken from the complaint and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

On October 24, 2014, a warrant was issued for Plaintiff's arrest. (Docket Entry 1 at 4). Plaintiff alleges that on November 4, 2014, his 2000 540i BMW was illegally seized by the CCPD in order to arrest Plaintiff when he came to the impound lot to claim his vehicle. (Docket Entry 1 at 4). The car was not illegally parked in any way at the time of the seizure, and it was registered with proper license plates on the front and back of the vehicle. (Docket Entry 1 at 4). As of the date of the complaint, Plaintiff has not received any motor vehicle tickets. Plaintiff also indicates the BMW is not part of the crime for which Plaintiff is awaiting trial. (Docket Entry 1 at 4).

Plaintiff asks this Court to order the CCPD to show cause as to why they seized his vehicle, and to order them to pay for

2

the accrued impoundment fees or the value of his vehicle. (Docket Entry 1 at 5).

**III. STANDARD OF REVIEW**

**A. Standards for a Sua Sponte Dismissal**

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, see 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A because Plaintiff is a prisoner proceeding *in forma pauperis* and is seeking relief from a government employee.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x. 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

**B. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

§ 1983. Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**IV. ANALYSIS**

**A. Fourth Amendment Claim**

To state a Fourth Amendment claim for an illegal seizure, a plaintiff must allege two elements: (1) that there was a seizure; and (2) that the seizure was made without probable

5

cause.[2] Plaintiff's complaint sufficiently alleges these elements; however, it fails to sufficiently allege Chief Thomson is personally responsible for the seizure.

A chief of police is generally not liable under § 1983 for acts of subordinate police officers in which he or she played no role. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior [and] a plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). *See also Bistrian v. Levi*, 696 F.3d 352, 366 (3d Cir. 2012). The Third Circuit has identified two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates: (1) "liability may attach if they, with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm"; or (2)

---

[2] As Plaintiff does not allege his vehicle was seized for public use, the Court does not construe his complaint as raising a violation of the Fifth Amendment's Takings Clause. *See Am. Exp. Travel Related Servs., Inc. v. Sidamon-Eristoff*, 669 F.3d 359, 370 (3d Cir.) ("The Takings Clause of the Fifth Amendment prohibits the federal government from taking private property for public use without providing just compensation [and] applies to state action through the Fourteenth Amendment."), *cert. denied*, 133 S. Ct. 345 (2012).

"a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiffs rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014) (internal citations omitted), *rev'd on other grounds sub nom Taylor v. Barkes*, 135 S. Ct. 2042 (2015).

Plaintiff has alleged no facts that would permit this Court to reasonably infer Chief Thomson was responsible for the seizure of Plaintiff's vehicle. As Plaintiff may be able to allege facts that would permit such an inference against Chief Thomson, or another officer who must be named as a Defendant, Plaintiff shall be permitted to move to amend his complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

**B. Leave to Amend**

Plaintiff may move for leave to file an amended complaint within 30 days of the date of this order. Any motion for leave to amend must be accompanied by a proposed amended complaint.

Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane,

7

*Federal Practice and Procedure* 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Ibid.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Ibid.*

**V. CONCLUSION**

For the reasons stated above, Plaintiff's complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii). An appropriate order follows.


 **November 13, 2015**                    **s/ Jerome B. Simandle**
Date                                       JEROME B. SIMANDLE
                                           Chief U.S. District Judge