```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ALBERT P. CASS, III, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action No. 15-6476 (JBS-JS) |
| CHIEF SCOTT THOMSON, | **OPINION** |
| Defendant. | |

APPEARANCES:

Albert P. Cass, III, Plaintiff Pro Se
4300596
Camden County Correctional Facility
330 Federal Street
Camden, New Jersey 08101

**SIMANDLE, Chief Judge:**

**I.   INTRODUCTION**

Before the Court is Plaintiff Albert P. Cass, III's ("Plaintiff") motion to amend his complaint. (Docket Entry 5). For the reasons set forth below, the Court will deny the motion.

**II.  BACKGROUND**

Plaintiff originally filed a civil rights action against Scott Thomson, the Chief of the Camden County Police Department ("CCPD"). (Complaint, Docket Entry 1). Plaintiff stated in his original complaint that a warrant was issued for his arrest on October 24, 2014. (Id. at 4). He then alleged the CCPD illegally seized his 2000 540i BMW on November 4, 2014, in order to arrest

him when he came to claim his vehicle at the impound lot. (Id.). Plaintiff asked this Court to order the CCPD to show cause as to why they seized his vehicle and to order them to pay for the accrued impoundment fees or the value of his vehicle. (Id. at 5).

By Opinion and Order dated November 13, 2015, this Court dismissed the complaint for failure to state a claim upon which relief could be granted, 28 U.S.C. § 1915(e)(2)(B)(ii), as Plaintiff failed to sufficiently plead that Chief Thomson was personally responsible for the seizure. The Court granted Plaintiff leave to move to amend his complaint within thirty days of the date of the order. (Docket Entry 4); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Plaintiff filed the instant motion and proposed amended complaint on December 1, 2015. (Motion to Amend, Docket Entry 5).

Plaintiff's proposed amended complaint drops the allegations against Chief Thomson and substitutes Camden Towing as defendant. (Id. at 1). He states that Camden Towing illegally seized his 2000 540i BMW on November 4, 2014. (Id. ¶ 1). He states that at the time of the seizure, the vehicle was properly registered, was not parked illegally, and was displaying the proper plates. (Id.). To date, he has not received any motor vehicle tickets. (Id.).

2

Plaintiff asks this Court to order Camden Towing to show cause as to why they towed his vehicle, and to pay for the impoundment fees or the value of his vehicle. (Id. ¶ 2). Plaintiff alleges the value of the car to be $7000. (Id.).

### III. STANDARD OF REVIEW

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend a pleading once as a matter of course twenty-one (21) days after serving the pleading or twenty-one (21) days "after a responsive pleading or service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. Pro. 15(a)(1)(A)-(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2).

Leave to amend a pleading may be denied where the court finds: (1) undue delay; (2) undue prejudice to the non-moving party; (3) bad faith or dilatory motive; or (4) futility of amendment. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Id*. The Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6). "Accordingly, if a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend

generally must be granted unless the amendment would not cure the deficiency." *Id.*

## IV. ANALYSIS

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994). Plaintiff alleges his car was illegally seized in violation of the Fourth Amendment.

"[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). However, "the deed of an ostensibly private organization or individual," such as Camden Towing, may be treated as state action if, and only if, "there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (quoting *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974)). The proposed

4

amended complaint does not allege sufficient facts for the Court to find for screening purposes that Camden Towing was acting on behalf of the state at the time it towed Plaintiff's car. As such, Plaintiff's motion to amend must be denied as it fails to state a § 1983 claim against Camden Towing.

Plaintiff may be able to allege facts that would permit such an inference against Camden Towing, therefore Plaintiff may move for leave to amend his complaint. Any motion to amend must be filed with 30 days of the Court's order and must be accompanied by a proposed second amended complaint.  If Plaintiff concludes he is unable to state a Civil Rights Act claim against Camden Towing but that he may have a private claim for the taking of his vehicle, he may file an appropriate complaint in state court.

## V. CONCLUSION

For the reasons stated above, Plaintiff's motion to amend the complaint is denied. An appropriate order follows.


 March 23, 2016                         s/ Jerome B. Simandle
Date                                    JEROME B. SIMANDLE
                                        Chief U.S. District Judge

5